# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| SHANNON SMITH and MARK SMITH, | CIVIL COMPLAINT |
| Plaintiffs, | |
| v. | CASE NO. 2:20-cv-06026 |
| BLUE WORLD SUN POOLS, INC. *aka* GLOBAL SUN POOLS, INC. | DEMAND FOR JURY TRIAL |
| Defendant. | |

## COMPLAINT

NOW COME Plaintiffs, SHANNON SMITH ("Mrs. Smith") and MARK SMITH ("Mr. Smith") (collectively, "Plaintiffs"), by and through their attorneys, Consumer Law Partners, LLC, complaining as to the conduct of BLUE WORLD SUN POOLS, INC. *aka* GLOBAL SUN POOLS, INC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiffs bring this action for damages pursuant to the Telephone Consumer Protection Act ("TCPA") under 47 U.S.C. §227 *et seq.*, the Electronic Funds Transfer Act ("EFTA") under 15 U.S.C. § 1693 *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA") pursuant to Ohio Rev. Code §1345.01 *et seq.*, for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the TCPA and EFTA. Subject matter jurisdiction is conferred upon this Court by 47 U.S.C §227, 15 U.S.C. §1693, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for Plaintiffs' state law claim pursuant to § 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Southern District of Ohio and a substantial portion the events or omissions giving rise to the claims occurred within the Southern District of Ohio.

4. Joinder of Plaintiffs' claims against Defendant is proper under Fed. R. Civ. P. 20(a)(1), as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences, and common questions of law or fact will arise.

### PARTIES

5. Plaintiffs are consumers over 18-years-of-age residing in Ross County, Ohio, which is located within the Southern District of Ohio.

6. Defendant provides pool installation services. Defendant's principal place of business and registered agent – Sean Warren, is located at 120 Interstate North Parkway East, Suite 426, Atlanta, Georgia 30339. Defendant regularly collects upon consumers who default upon their financing agreements, including those located within the State of Ohio.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

### FACTS SUPPORTING CAUSES OF ACTION

8. In June 2017, Plaintiffs financed the purchase of an outdoor swimming pool through Defendant.

9. Initially, Plaintiffs were making regular payments to Defendant as set forth in the parties' financing agreement.

10. In 2020, however, Plaintiffs experienced financial hardship as a result of COVID-19, as well as Mrs. Smith's physical disabilities, which caused Plaintiffs to fall behind on their monthly payments owed to Defendant, thus incurring debt ("subject debt").

11. Shortly thereafter, Plaintiffs began receiving calls to their cellular phones, (740) XXX-8998 and (740) XXX-5414, from Defendant.

12. At all times relevant to the instant action, Mrs. Smith was the sole subscriber, owner, and operator of the cellular phone ending in -8998, and Mr. Smith was the sole subscriber, owner, and operator of the cellular phone ending in -5414. Plaintiffs are and always have been financially responsible for the cellular phones and services.

13. Defendant has primarily used the phone number (770) 951-1831 when placing calls to Plaintiffs' cellular phone number, but upon belief, Defendant has used other phone numbers as well.

14. Upon information and belief, the aforementioned phone number ending in -1831 is regularly utilized by Defendant during its debt collection activities.

15. Upon answering phone calls from Defendant, Plaintiffs experience a noticeable pause, lasting a handful of seconds in length, and often have to say "hello" several times before they are connected with a live representative.

16. Upon speaking with Defendant's representatives, Plaintiffs have explained their inability to remit payment as a result of their financial and physical distress.

17. Yet, Defendant has repeatedly disregarded this information and persisted with its systematic phone calls to Plaintiffs' cellular phone.

18. During unanswered calls, Defendant often leaves voice messages on Plaintiffs' cellular phones, urging Plaintiffs to call back and work out a payment arrangement.

19. However, when Plaintiffs have returned Defendant's calls, rather than attempting to work out a payment arrangement as assured in its voice messages, Defendant's representatives have demanded payment in full and have aggressively attempted to collect upon the subject debt by condescendingly asking Plaintiffs to request money from their relatives and friends.

20. In addition, Defendant's representatives have hurled a number of threats and harassing language toward Plaintiffs.

21. For instance, upon explaining Plaintiffs' inability to pay, Defendant threatened Mrs. Smith by telling her that Plaintiffs could be in jeopardy of losing their home, by virtue of a purported lien that Defendant had filed against Plaintiffs.

22. Yet, upon information and belief, Defendant has never filed a lien against Plaintiffs' property.

23. As a result of Defendant's continued threats and conduct, Plaintiffs agreed to make a payment to cover the past due balance owed on the subject debt.

24. Accordingly, on or about October 13, 2020, Mrs. Smith spoke with Defendant and agreed to have payment withdrawn from Plaintiffs' bank account specifically on October 22, 2020, as that was the date that Mr. Smith was to receive his paycheck.

25. In spite of the explicit instructions given by Mrs. Smith, Defendant extracted funds from Plaintiffs' bank account on October 17, 2020, which caused Plaintiffs to incur overdraft fees in the approximate amount of $68.00.

26. Moreover, Defendant has continued to bombard Plaintiffs' cellular phone with collection calls, causing Plaintiffs to reiterate that they will make payment when they had the means to do so, and to demand that Defendant stop calling.

27. In defiance of Plaintiffs' efforts, Defendant continued to place at least 15 phone calls to Plaintiffs' cellular phones.

28. Defendant's harassing conduct forced Plaintiffs to retain counsel, and their damages therefore include reasonable attorneys' fees incurred in prosecuting this action.

29. Due to Defendant's conduct, Plaintiffs are entitled to statutory damages, punitive damages and all other appropriate measures to punish and deter Defendant and other collectors from engaging in the unlawful collection practices described in this Complaint, *supra*.

30. Plaintiffs have been unfairly and unnecessarily harassed by Defendant's actions.

31. Plaintiffs have suffered additional concrete harm as a result of Defendant's actions, including but not limited to: invasion of privacy, aggravation that accompanies collection telephone calls, financial loss stemming from overdraft charges, and severe emotional distress.

### COUNT I – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

32. Plaintiffs repeat and reallege paragraphs 1 through 31 as though fully set forth herein.

33. The TCPA, pursuant to 47 U.S.C. § 227(b)(1)(iii), prohibits calling persons on their cellular phone using an automatic telephone dialing system ("ATDS") or prerecorded messages without their consent.  The TCPA, under 47 U.S.C. § 227(a)(1), defines an ATDS as "equipment which has the capacity...to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers."

34. Defendant used an ATDS in connection with its communications directed towards Plaintiffs' cellular phone.  The noticeable pause, lasting a handful of seconds in length, which Plaintiffs experience during answered calls, and the fact that Plaintiffs have to repeatedly state "hello" before they are connected with a live representative, is instructive that an ATDS was being utilized to generate the phone calls. Additionally, Defendant's continued contacts to Plaintiffs'

cellular phones after Plaintiffs demanded that the phone calls stop further demonstrates Defendant's use of an ATDS. Moreover, the nature and frequency of Defendant's contacts points to the involvement of an ATDS.

35. Upon information and belief, the system employed by Defendant to place phone calls to Plaintiffs' cellular phone has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

36. Defendant violated the TCPA by placing at least 15 phone calls to Plaintiffs' cellular phone using an ATDS messages without their consent. Any consent that Plaintiffs *may* have given to the originator of the subject debt, which Defendant will likely assert transferred down, was specifically revoked by Plaintiffs' demands that it cease contacting them.

37. The calls placed by Defendant to Plaintiff were regarding collection activity and not for emergency purposes as defined by the TCPA under 47 U.S.C. §227(b)(1)(A)(i).

38. Under the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B), Defendant is liable to Plaintiff for at least $500.00 per call. Moreover, Defendant's willful and knowing violations of the TCPA should trigger this Honorable Court's ability to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. § 227(b)(3)(C).

WHEREFORE, Plaintiffs, SHANNON SMITH and MARK SMITH, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

b. Awarding Plaintiffs damages of at least $500.00 per phone call and treble damages pursuant to 47 U.S.C. §§ 227(b)(3)(B)&(C);

c. Awarding Plaintiffs costs and reasonable attorney fees; and

d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ELECTRONIC FUNDS TRANSFER ACT

39. Plaintiffs repeat and reallege paragraphs 1 through 38 as though fully set forth herein.

40. Plaintiffs are "consumer[s]" as defined by 15 U.S.C. § 1693a(6).

41. Defendant is a "financial institution," as defined by 15 U.S.C. § 1693a(9).

    **a. Violations of EFTA § 1693e(a)**

42. The EFTA, pursuant to 15 U.S.C. § 1693e(a), provides that a "preauthorized electronic fund transfer from a consumer's account may be authorized by the consumer only in writing, and a copy of such authorization shall be provided to the consumer when made.  A consumer may stop payment of a preauthorized electronic fund transfer by notifying the financial institution orally or in writing at any time up to three business days preceding the scheduled date of such transfer."

43. Defendant violated § 1693e(a) of the EFTA through its unauthorized withdrawal of funds from Plaintiffs' bank account.  As set forth, *supra,* on or about October 13, 2020, Mrs. Smith explicitly requested that Defendant deduct the funds from Plaintiffs' bank account on October 22, 2020, as that was the date in which Mr. Smith would be paid.  Yet, in spite of this unequivocal information, as well as after having knowledge that Plaintiffs were already experiencing financial distress, Defendant unilaterally withdrew these funds on or before October 17, 2020, resulting in additional financial harm as Plaintiffs were penalized with overdraft fees from their bank.

44. Defendant proceeded to unlawfully extract funds from Plaintiffs' bank account, knowing that exerting this control over Plaintiffs' rightful funds would intimidate Plaintiffs into making payments toward the subject debt, despite the fact that Plaintiffs lacked sufficient funds to do so.

WHEREFORE, Plaintiffs, SHANNON SMITH and MARK SMITH, respectfully request that this Honorable Court enter judgment in their favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned statutes and regulations;

    b. Awarding Plaintiffs actual damages pursuant to 15 U.S.C. § 1693m(a)(1);

    c. Awarding Plaintiffs damages of $1,000.00 pursuant to 15 U.S.C. § 1693m(a)(2)(A);

    d. Awarding Plaintiffs costs and reasonable attorney fees pursuant to 15 U.S.C. § 1693m(a)(3);

    e. Enjoining Defendant from further contacting Plaintiffs; and

    f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE OHIO CONSUMER SALES PRACTICES ACT

45. Plaintiffs restate and reallege paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiffs are "person[s]" and "consumer[s]" as defined by Ohio Rev. Code §1345.01(B) and (D).

47. Defendant's collection efforts constitute a "consumer transaction," as the term is defined by Ohio Rev. Code §1345.01(A).

48. Defendant is a "supplier" as defined by Ohio Rev. Code §1345.01(C).

    **a. Violations of OCSPA § 1345.02**

49. The OCSPA, pursuant to Ohio Rev. Code §1345.02 states that "No supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction. Such an unfair or deceptive act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

50. Defendant violated §1345.02 of the OCSPA when it used deceptive means to collect and/or attempt to collect the subject debt. Not only did Defendant's representatives threaten Plaintiffs by stating that non-payment would result in them losing their home, but Defendant also ridiculed Plaintiffs for their inability to make payment. Consequently, Plaintiffs made a good-faith effort to remit payment on a date in which Mr. Smith would receive his paycheck. Despite this information, however, Defendant still deceptively deducted the funds from Plaintiffs' bank

8

account days in advance, which resulted in additional financial harm. In conjunction with Defendant's persistent phone calls, Defendant engaged in this unfair behavior in an effort to harass Plaintiffs into submission.

51. Defendant further violated §1345.02 when it deceptively left voice messages on Plaintiffs' cellular phones, urging them to return its calls to "work out" a payment arrangement, but yet, upon returning its calls, Plaintiffs found that Defendant was unwilling to work with them and demanded payment in full, even coercing Plaintiffs to ask their family members and friends for funds.

### b. Violations of OCSPA § 1345.03

52. The OCSPA, pursuant to Ohio Rev. Code §1345.03 states that "No supplier shall commit an unconscionable act or practice in connection with a consumer transaction. Such an unconscionable act or practice by a supplier violates this section whether it occurs before, during, or after the transaction."

53. Defendant violated §1345.02 of the OCSPA when it unfairly and unconscionably attempted to collect on the subject by withdrawing funds from Plaintiffs' bank account without Plaintiffs' authorization. Mrs. Smith notified Defendant that funds could be withdrawn on October 22, 2020 when Mr. Smith got paid, but in spite of this explicit information, Defendant went ahead and deducted those funds days in advance. In conjunction with Defendant's continued threats and harassing conduct, Defendant clearly engaged in unconscionable acts against Ohio consumers, and this is precisely the type of conduct the above-referenced portions of the OCSPA were designed to address.

54. Defendant's conduct is in further violation of §1345.02, as Defendant unfairly continued to place harassing collection calls to Plaintiffs' cellular phone despite being notified that Plaintiffs

did not wish to be contacted further. Yet, Defendant persisted with its collection campaign, including the use of unlawful threats, in an effort to harass Plaintiffs into submission.

WHEREFORE, Plaintiffs, SHANNON SMITH and MARK SMITH, respectfully request that this Honorable Court enter judgment in their favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiffs actual damages, pursuant to Ohio Rev. Code §1345.09(A);

c. Award Plaintiffs statutory damages up to $5,000.00, pursuant to Ohio Rev. Code §1345.09(A);

d. Award Plaintiffs costs and reasonable attorney fees as provided pursuant to Ohio Rev. Code §1345.09(F);

e. Enjoining Defendant from further contacting Plaintiffs; and

f. Award any other relief as this Honorable Court deems just and proper.

DATED this 23rd day of November, 2020.  Respectfully Submitted,

  /s/ Geoff B. McCarrell
Geoff B. McCarrell (#0086427)
Teddy Hatzidimitriadis
    To Be Admitted *Pro Hac Vice*
CONSUMER LAW PARTNERS, LLC
333 N. Michigan Ave., Suite 1300
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
geoff.m@consumerlawpartners.com
teddy@consumerlawpartners.com

*Counsel for Plaintiffs,
Shannon Smith & Mark Smith*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO )
) ss
COUNTY OF ROSS )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Shannon Smith, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well-grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/22/2020 _____.

_____
DocuSigned by:
789E5907D4634AC...
Shannon Smith

VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO )
) ss
COUNTY OF ROSS )

Pursuant to 28 U.S.C. § 1746, Plaintiff, Mark Smith, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this Complaint is well-grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this Complaint is not interposed for any improper purpose, such as to harass Defendant, cause unnecessary delay to Defendant, or create a needless increase in the cost of litigation to Defendant.

5. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on 11/22/2020 .

DocuSigned by:

_____
789E5907D4634AC...
Mark Smith